**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |   |                                |
|--------------------------|---|--------------------------------|
| SHAWN MILNE,             : |   |                                |
|           Petitioner,    : |   |                                |
|                          : |   | Civil Action No. 09-3962 (MLC) |
|           v.             : |   |                                |
|                          : |   | **O P I N I O N**              |
| KAREN BALICKI, et al.,   : |   |                                |
|           Respondents.   : |   |                                |

**APPEARANCES:**

SHAWN MILNE, #418255B, Petitioner Pro Se
South Woods State Prison, 215 Burlington Road South
Bridgeton, NJ 08302

**COOPER**, District Judge

Petitioner, Shawn Milne, who is serving a New Jersey sentence imposed on July 23, 1987, for knowing and purposeful murder,[1] filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a guilty plea and nine-month continuance imposed on June 5, 1985, by the Ocean County Juvenile and Domestic Relations Court in a juvenile delinquency case charging him with simple assault.  This Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

**I.  BACKGROUND**

On May 8, 1985, M.R. filed a complaint alleging that Petitioner, then 14, assaulted her son by shooting him in the leg with a BB gun.  See State v. Milne, No. A-5543-07T4 slip op. at

---

[1] See Milne v. Burns, No. 97-2061 (MLC) opinion at p. 2 (D.N.J. Aug. 24, 2005); State v. Milne, 178 N.J. 486 (2004).

1-2 (N.J. App. Div. Apr. 29, 2009) (dkt. entry no. 1-2 at p. 32-33.)  On June 5, 1985, Petitioner appeared before the Family Part with his mother and pleaded guilty; the judge accepted the plea but continued the matter for nine months.  (Dkt. entry no. 1-2 at p. 33.)  The judge told Petitioner to "[s]tay out of trouble and [the matter] will be dismissed at the end of the nine month period."  (Id.)  The order dated June 5, 1985, stated that the matter had been continued for nine months and "[i]f satisfactory adjustment is made, it may be dismissed at that time."  (Id.)  The juvenile "assault charge was never dismissed or formally adjudicated" because Petitioner was charged with murder and aggravated sexual assault on November 14, 1985. (Id.)  Petitioner was thereafter tried as an adult on the murder and aggravated sexual assault charges, and convicted.  (Id.)  He is now serving the term for that sentence.  See Inmate Locator of N.J. Dep't of Corrs., https://www6.state.nj.us/DOC_Inmate/details?x=1059419&n=0 (last accessed Oct. 16, 2009).

   On February 29, 2008, Petitioner filed a petition for post-conviction relief in the Law Division seeking relief from the 1985 guilty plea to the assault charge.  (Dkt. entry no. 1-2 at p. 34.)  The Law Division dismissed the petition as time-barred. (Id.)  Petitioner appealed.  On April 29, 2009, the Appellate Division affirmed, finding the petition time-barred and adding:

> It appears that, as a result of his being charged for murder and aggravated sexual assault, there was never a formal adjudication on the charge of assault, to which

> defendant pled guilty on June 5, 1985.  Moreover, it appears that defendant has never suffered any adverse consequences as a result of that plea.  Indeed, as we stated previously, when defendant was sentenced for his convictions of murder and aggravated sexual assault, the trial court stated that he had no prior record of any juvenile adjudication.
>
> Defendant asserts, however, that his 1985 guilty plea has been used in his psychological evaluations, but defendant does not explain how the plea affected the results of those evaluations.  Defendant also asserts that the plea was mentioned in his pre-sentence report but, as we have explained, the plea did not have an effect on the sentences imposed by the court when defendant was convicted of murder and aggravated sexual assault.
>
> Defendant also says that the plea may be relied upon by the Parole Board in determining whether he should be paroled or in establishing a future parole eligibility date.  The five-year time bar established by Rule 3:22-12(a) cannot, however, be relaxed based on speculation as to what the Parole Board may do in ruling on an application by defendant for parole.

(Dkt. entry no. 1-2 at pp. 37-38.)

Petitioner executed the § 2254 Petition before this Court on July 28, 2009.  The Clerk received it on August 6, 2009.  On its face, the Petition challenges an order of the Ocean County Juvenile and Domestic Relations Court dated June 5, 1985, to continue for nine months the juvenile delinquency complaint filed against Petitioner for committing a simple assault.  Attached to the Petition are: (1) a complaint charging Petitioner, who was then age 14, with juvenile delinquency, in Dkt. No. FJ-2669-85B; (2) transcript of the proceeding dated June 5, 1985; (3) order and opinion of the New Jersey Superior Court filed June 5, 2008, denying Petitioner's petition for post-conviction relief in Dkt.

No. FJ-2669-85B; and, (4) opinion filed April 29, 2009, of the New Jersey Appellate Division affirming the dismissal of the petition for post-conviction relief.

The Petition raises the following grounds:

> Ground One: [Petitioner's guilty] plea to which the court imposed a nine month continuance, on June 5, 1985, was illegally accepted, and violated his Federal Constitutional rights. The plea court neither informed Milne of the right to counsel, explained the right concerning confrontation of his accusers, nor the right against self-incrimination. The nexus of Milne's challenge to the terminated sentence (nine-month continuance) and the current requested relief, is based upon the collateral effects and consequences of magnitude that he is not confronted with, and from which he was not informed at the time of the plea. Those consequences are lasting and may be challenged under state law and analogous federal law . . .
>
> Ground Two: Milne's second ground relies upon the Constitutional Right to be well informed of the consequences of the acceptance of a plea bargain . . .
>
> Ground Three: Milne's Third claim is grounded upon the "consequences of magnitude" and "collateral effects" of the terminated sentence; whether or not the mere presence of the "illegal/plea/sentence" has, or will cause a manifest injustice upon his future (current) sentence.
>
> Ground Four: Milne's fourth claim was that the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." These rights also extend to juveniles in juvenile court proceedings . . .

(Pet. ¶ 12, Grounds One to Four.)

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A § 2254 petition must specify all the grounds for relief available

to a petitioner, state the facts supporting each ground, state the relief requested, be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

A judge must sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, courts may "dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record is warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to relief").[2]

The pleading requirements under the Habeas Rules are:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 . . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus

---

[2] For example, vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the Court.  Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

5

> Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

**A.  Jurisdiction**

> The Court
>
> shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

> Similarly, 28 U.S.C. § 2241 provides in relevant part:
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area

Sch. Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998). To invoke habeas corpus review by a federal court under either of the above statutes, a petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. See Maleng v. Cook, 490 U.S. 488, 490 (1989).

The "statutory language . . . requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see Spencer v. Kemna, 523 U.S. 1, 7 (1998) (custody requirement is satisfied where petitioner is incarcerated at time the petition was filed). The "in custody" requirement is met where the state has imposed "significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally." Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 508 (1982) (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963)). The threshold question here is whether Petitioner satisfies the "in custody" requirement under § 2254(a) as to the guilty plea to

7

simple assault resulting in a nine-month continuance, but no judgment or sentence.

Petitioner argues that he meets the "in custody" requirement because significant collateral consequences flow from the guilty plea.  Petitioner is incorrect.  While collateral consequences may avoid the moot nature of a petition where the petitioner was released after the petition was filed, collateral consequences are not sufficient to satisfy the custody jurisdictional requirement. See Spencer, 523 U.S. at 7-8.  Because Petitioner was not "in custody" as a result of the 1985 guilty plea at the time he filed the Petition, this Court lacks jurisdiction over Petitioner's challenge to the plea.  This Court will dismiss the Petition for lack of jurisdiction.

**B. Certificate of Appealability**

The Court denies a certificate of appealability.  Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

The Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

       s/ Mary L. Cooper  
       **MARY L. COOPER**  
       United States District Judge

Dated:  October 21, 2009